UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
LUCIENNA GELINAS,

                Plaintiff,

      v.                                  Index No. 15-cv-00116 (JTC)

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC.,

                Defendant.
--------------------------------------------------------

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Cyrus B. Chubineh
Attorney for Plaintiff
Law Office of Cyrus B. Chubineh
2655 Millersport Hwy. #714
Getzville, New York 14068
(716) 864-0715

Dated: April 10, 2015

# TABLE OF CONTENTS

*Page(s)*

PRELIMINARY STATEMENT..........................................................................................1

STANDARD OF REVIEW............................................................................................2

ARGUMENT..............................................................................................................3

   I.   DEFENDANT'S DISCLOSURE OF THE ORIGINAL
       CREDITOR'S ACCOUNT NUMBER ON DUNNING
       ENVELOPES VIOLATES THE FDCPA...................................................................3

       A.  The Third Circuit Recently Held Disclosure of a
           Collector's Internal Account Number on an Envelope
           Violates 15 U.S.C. § 1692f(8).......................................................3

       B.  "Benign Language" Exception for Innocuous Language
           Should Not be Adopted by this Court..........................................5

       C.  Prohibiting Collectors from Disclosing a Consumer's
           Account Number on the Face of a Dunning Letter is
           not Unreasonable or Absurd.........................................................7

       D.  The Purpose and Legislative History of the
           FDCPA Support Finding Defendant Committed a Violation.......................8

   II.  PLAINTIFF IS NOT REQUIRED TO PLEAD OR PROVE
       ACTUAL DAMAGES IN ORDER TO RECOVER
       STATUTORY DAMAGES UNDER THE FDCPA.................................................10

       CONCLUSION.................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Page(s)*

*Beaudry v. TeleCheck Servs.*, Inc., 579 F.3d 702 (6th Cir. 2009)....................................11

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)............................................2

*Bonadio v. PHH Mortg. Corp.*, 2014 WL 522784, at *5 (S.D.N.Y. Jan. 13, 2014)...........15

*Casella v. Equifax Credit Info. Serv.*, 56 F.3d 469, 486 (2d Cir. 1995)............................12

*Doe v. Chao*, 540 U.S. 614 (2004)...................................................................................12

*Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014)................3, 4, 5, 6, 9

*Dzadaovsky v. Lyonds Ford Sales, Inc.*, 593 F.2d 538 (2d Cir. 1979).............................11

*Echevarria v. BAC Home Loans Servicing, LP*, 900 F. Supp.2d
    1299 (M.D.Fla. 2012)...................................................................................................15

*Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 1
    12 S. Ct. 2589, 2594, 120 L. Ed. 2d 379 (1992)....................................................9

*Evanauskas v. Strumpf*, 2001 U.S. Dist. LEXIS 14326 (D. Conn. June 27, 2001)..........11

*Fiskus v. Bristol-Myers Squibb Co.*, 2014 WL 4953610,
    at *2 (S.D.N.Y. Oct. 1, 2014)...................................................................................7

*Gonzales v. Arrow Fin. Servs., L.L.C.*, 660 F.3d 1055, 1067 (9th Cir. 2011)..................11

*Gorbaty v. Wells Fargo Bank, N.A.*, 10CV3291 (NGG)(SMG), 2012
    WL 1372260, at *5, 2012 U.S. Dist. LEXIS 55284,
    at *1415 (E.D.N.Y. Apr. 18, 2012)........................................................................15

*Goswani v. American Collections, Inc.*, 377 F.3d 488 (5th Cir. 2004).............................6

*Greene v. Rash, Curtis and Associates*, 89 F.R.D.
    314, 316 (E.D. Tenn. 1980)..........................................................................13, 14

*Harrison v. NBD, Inc.*, 968 F. Supp. 837, 844 (E.D.N.Y. 1997).......................................9

*Heinz v. Jernkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)..............8, 9

*Henderson v. Credit Bureau, Inc.*, 1989 U.S. Dist. LEXIS
   19138 (W.D.N.Y. July 13, 1989)...................................................................11

*In re Hodges*, 342 B.R. 616 (Bankr. E.D. Wash. 2006)......................................4

*Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2nd Cir. 2008)...........11

*Jerman v. Carlisle*, 130 S. Ct. 1605 (2010)...............................................8, 9, 11

*Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985)...............................8, 9

*Johnson v. NCB Collection Servs.* 799 F. Supp. 1298, 1301 (D. Conn. 1992)............6, 7

*Kapsis v. American Home Mortg. Servicing Inc. et al.*, 923
   F. Supp. 2d 430 (E.D.N.Y., 2013)....................................................15, 16

*Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d
   1024 (2004)........................................................................................9

*Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175 (D. Conn. 1994)....................6

*Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991)..............6

*McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*
839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012)........................................................2

*Miller v. Wolpoff & Abramson*, L.L.P., 321 F.3d 292, 307 (2nd Cir. 2003).................10, 11

*Morissette v. United States*, 342 U.S. 246, 263, 72 S. Ct. 240,
   96 L. Ed. 288 (1952).......................................................................11

*Northrop v. Hoffman*, 12 Fed. Appx. 2001 WL 682301 (2d Cir. June 14, 2001).............12

*Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 (5th Cir. 2002)................................5

*Phillips v. Asset Acceptance, L.L.C.*, 736 F.3d 1076 (7th Cir. 2013)..........................11

*Refroe v. Nationstar Mortg., LLC*, 2015 WL 541495, at *7
   (S.D. Ala. Feb. 10, 2015).................................................................15

*Richard v. Oak Tree Group Inc.*, No. 06-362, 2009 U.S. Dist.
   LEXIS 90841 (W.D. Mich. Sept. 30, 2009).........................................14

*Sampson v. MRS BPO, LLC*, N.D. Ill. Dkt. 15-cv-2258.....................................4

*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 233 (4th Cir. 2007)................................14

*Schweitzer v. Trans Union Corp.*, 136 F.3d 233 (2nd Cir. 1998)....................................10

*Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 2000 U.S.
    Dist. LEXIS 14043 (S.D.N.Y. Sept. 22, 2000)...............................................................11

*Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289 (2011)...................................................2

*Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316 (8th Cir. 2004).........................6

*Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001)......................................................2

*United States v. Fid. Trust Co.*, 222 U.S. 158, 160, 32 S. Ct. 59,
    56 L. Ed. 137 (1911).......................................................................................................11

*United States v. Freed,* 401 U.S. 601, 607–608, 91 S. Ct. 1112,
    28 L. Ed. 2d 356 (1971).................................................................................................11

*United States v. Merriam*, 263 U.S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240 (1923)..........11

*United States v. Oregon*, 366 U.S. 643, 648 (1961)...........................................................8

*Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*
    2011 WL 10858230 (E.D.N.C. Apr. 19, 2011).........................................................8

*Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724 (D. Conn. 1990)..............................11

**Statutes, Rules, and Regulations**

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*.........................................................12

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*..............1, 3, 4, 5, 7, 8, 9, 13

Privacy Act, 5 U.S.C. § 552a(b)....................................................................................12, 13

Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*...........................14, 15

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*................................................................11

Plaintiff Lucienna Gelinas ("Ms. Gelinas") respectfully submits this memorandum in opposition to defendant Retrieval-Masters Creditors Bureau, Inc.'s ("RMCB") motion to dismiss for plaintiff's failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff brings this action alleging defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The alleged violation stems out of RMCB's disclosure of plaintiff's original creditor's account number of an alleged debt through the glassine window of envelopes RMCB mailed to Ms. Gelinas. RMCB seeks dismissal under Fed. R. Civ. P. 12(b)(6) claiming plaintiff's claim is legally insufficient and that plaintiff is not entitled to statutory damages absent a showing of actual damages.

Plaintiff's claim is based on an illustrative example of unfair or unconscionable conduct under 15 U.S.C. § 1692f, which specifically prohibits a debt collector from "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8). Although defendant cites authority adopted by two sister circuits creating an exception to this prohibition for benign language unrelated to the instant case, the disclosure of a debt collector's internal account number on the face of a collection letter has been held to constitute the disclosure of language implicating a core concern of the FDCPA, the invasion of privacy. In this case, the disclosure of an original creditor's account number, separated from other text on the collection letters, is far more egregious than the disclosure of an

1

internal collection agency account number, and invokes the privacy protections Congress intended in enacting this legislation.

Numerous courts have held statutory damages under the FDCPA and analogous statutes are available to consumers without alleging or showing actual damages.

For these reasons, defendant's motion to dismiss for failure to state a claim should be denied.

## STANDARD ON THIS MOTION

A motion to dismiss under Fed. R. of Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the court finds that plaintiff has failed to provide defendant with fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). A complaint will survive a motion under Fed. R. Civ. P. 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought, *id*. at 1965-66, i.e., it need merely contain sufficient factual allegations to raise a right to relief above the speculative level, *id*. at 1965.

Fed. R. of Civ. P. 8(a)(2) does not require plaintiff to set forth any legal theory justifying the relief sought, or to set forth legal argument in its pleading. Only sufficient factual averments to show a plausible claim for relief are required. *Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289 (2011).

The issue before this court is not whether plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001)).

2

**ARGUMENT**

**I. DEFENDANT'S DISCLOSURE OF THE ORIGINAL CREDITOR'S ACCOUNT NUMBER ON DUNNING ENVELOPES VIOLATES THE FDCPA**

**A. The Third Circuit Recently Held Disclosure of a Collector's Internal Account Number on an Envelope Violated 15 U.S.C. § 1692f(8)**

The Third Circuit recently held that disclosure of a collector's internal account number through the glassine window of a dunning letter violated 15 U.S.C. § 1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (2014). Collector misconduct in the instant case is more egregious than in *Douglass* because the letters sent to Ms. Gelinas disclosed the original creditor's account number on the face of the envelopes. This court should follow the Third Circuit's reasoning in *Douglass* and allow the instant case to be determined on the merits.

In *Douglass*, the court determined that "[t[he plain language of § 1692f(8) does not permit Convergent's envelope to display an account number." *Douglass* at 303.

In *Douglass*, the court held that § 1692f(8)'s prohibition of the disclosure of violative markings on an envelope apply to disclosures through the transparent window of an envelope. Although § 1692f(8) prohibits violative language "on any envelope", the court construed the language of the statute as applying to language printed on a letter within the envelope and appearing through the glassine window of the envelope. In making this determination, the court reasoned "Interpreting § 1692f(8) in accordance with its plain meaning, we construe language 'on any envelope' to mean language appearing on the face of an envelope." *Id.* at 302. The court cited the plain meaning of the statute and the context of this section as an illustrative example of the general

3

prohibition under § 1692f and stated

> "Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection. *See* 15 U.S.C. § 1692f(7) (prohibiting correspondence by post card); *id*. § 1692f(8) (permitting a debt collector's business name to appear on an envelope only if "such name does not indicate that he is in the debt collection business"). Like language printed on the envelope itself, language appearing through a windowed envelope can be seen by anyone handling the mail."

*Id.* at 302.[1]

Similar to the letters in *Douglass*, the letters in the instant case involve disclosures through transparent envelope windows. Defendant provides no authority for its contention that § 1692f(8) should be limited to markings physically imprinted on the surface of an envelope. This interpretation would be at odds with the purpose of the FDCPA, specifically the invasion of the right to privacy. 15 U.S.C. § 1692(a). Construing the statute so narrowly could potentially also allow collectors to contravene the statute by using entirely transparent envelopes when communicating with consumers and disclosing the entire contents of those communications with unauthorized third-parties.

Defendant cites a recent holding in *Sampson v. MRS BPO, LLC*, N.D. Ill. Dkt. 15-cv-2258 (Mar. 17, 2015) where the court *sua sponte* dismissed plaintiff's factually analogous claims under § 1692d and f. *Sampson* concerns the collector's internal account number, not the original creditor's. Plaintiff filed a motion to alter the judgment under Fed R. Civ. P. 59 on March 24, 2015,[2] which was denied on March 30, 2015 with leave to file a motion for relief from judgment or order under Fed R. Civ. P. 60.[3] Since

---

1  *See also In re Hodges*, 342 B.R. 616 (Bankr. E.D. Wash. 2006).
2  *See* Chubineh Decl. Exb. A.
3  *See* Chubineh Decl. Exb. B.

4

*Douglass* was not cited in plaintiff's complaint, the court was likely unaware of the holding in *Douglass* and should alter its decision based on the Third Circuit's holding.

Defendant incorrectly states § 1692f(8) is a limitation on § 1692f's general prohibition against unfair and unconscionable means to collect or attempt to collect a debt. The general prohibition of § 1692f is immediately followed by "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section". 15 U.S.C. § 1692f. Thus, Section 1692f(8) is an illustrative example of conduct Congress deemed unfair or unconscionable.

### B. "Benign Language" Exception for Innocuous Language Should Not be Adopted by this Court

The Second Circuit has not adopted a "benign language" exception to § 1692f(8) for disclosures that do not relate to a consumer's debt. Even if this circuit were to adopt such an exception, a consumer's account number should not qualify for the exception as it is a core piece of private information relating to the debt.

In *Douglass*, Convergent advanced an argument that enforcing § 1692f(8) as written creates an absurdity that would require courts to adopt a benign language exception. The court explicitly held "Douglass's account number is not benign" and declined to adopt such an exception. *Id.* at 303. The Fifth Circuit also declined to adopt a benign language exception for language implicating a "core concern of the FDCPA" when it held the collector's impersonation of the Department of Education on the face of the envelope was not benign. *Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 (2002).

The Fifth Circuit[4], Eighth Circuit[5], and a few district courts[6] have adopted a benign language exception for certain language and symbols which do not relate to collection of a debt, but these cases are not applicable to the instant case. Courts adopting a benign language exception do so only when the language excepted does not invoke the privacy concerns animating the FDCPA. The Third Circuit highlights this distinction, holding "[t]he disclosure of Douglass's account number raises these privacy concerns. The account number is a core piece of information pertaining to Douglass's status as a debtor and Convergent's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because Convergent's disclosure implicates core privacy concerns, it cannot be deemed benign." *Douglass* at 303-4.

The only other district court in the Second Circuit to rule on § 1692f(8) is *Johnson v. NCB Collection Servs.* 799 F. Supp. 1298, 1301 (D. Conn. 1992). *Johnson* involved a series of numbers on an envelope "500 0651JHNRS173R90 0001495", where the last four digits corresponded to the amount of the debt, $14.95. The key difference between *Johnson* and the instant case is that the envelope in *Johnson* was the <u>return</u> envelope the consumer was to use to send payment or correspondence to the collector. The return envelope did not disclose the consumer's information while still within the initial envelope sent by the collector to the consumer. The court relied on this distinction and

---

4  *Goswani v. American Collections, Inc.*, 377 F.3d 488 (5th Cir. 2004) ("Priority Letter" on face of envelope).

5  *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316 (8th Cir. 2004) (collector's initials, "PERSONAL AND CONFIDENTIAL", "IMMEDIATE REPLY REQUESTED").

6  *Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175 (D. Conn. 1994) ("TRANSMITTAL" on face of envelope); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (theft of mail or obstruction of delivery is a federal crime, "PERSONAL & CONFIDENTIAL", "Forwarding and Address Correction Requested").

expressed the privacy concerns this section was intended to address, holding "The FDCPA prohibits the printing of information on the outside of communication from the collector to the debtor that might disclose the nature of the communication to outside parties. 15 U.S.C. § 1692f(8). This prohibition is deemed necessary to protect the privacy of the debtors. Understandably, the statute has no similar limitations on a communication that is sent from the debtor to the collector because the debtor controls this communication." *Id.* at 1305.

The language of the statute is the clearest expression of Congress's intent. If Congress intended to except additional language from § 1692f(8), it would have included language in the statute doing so. The fact that § 1692f(8) contains an exception for the debt collector's name if it doesn't indicate he is in the debt collection business illustrates how Congress considered exceptions to this section and did not intend to except consumers' private information.

## C. Prohibiting Collectors from Disclosing a Consumer's Account Number on the Face of a Dunning Letter is not Unreasonable or Absurd

Defendant claims construing § 1692f(8) to prohibit collectors from placing an account number on an envelope creates an absurd or unreasonable result, but falls short of explaining this conclusion. Defendant cites *Fiskus v. Bristol-Myers Squibb Co.*, 2014 WL 4953610, at *2 (S.D.N.Y. Oct. 1, 2014) as an example where a literal reading of the statute can lead to gamesmanship and produce an outcome at odds with the statute's purpose. *Fiskus* is not analogous to the instant case since a visible account number is not necessary for a collection letter to be properly mailed, like a consumer's name and address is, and prohibiting this disclosure puts no additional burden on a debt

7

collector. Prohibiting collectors from disclosing private information furthers the policy of the statute.

Defendant's reliance on *Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, 2011 WL 10858230 (E.D.N.C. Apr. 19, 2011), is misplaced. Plaintiff in *Warran* received an additional benefit when the collector did not adhere to the language of 15 U.S.C. § 1692g(2)(3) and offered plaintiff more time to request validation of the debt than required. Punishing a debt collector for offering a greater benefit than what the statute offers is at odds with the statute. Ms. Gelinas received no benefit from RMCB's variance and only suffered an invasion of privacy as a result of RMCB's disclosure of Ms. Gelinas' account number.

### D. The Purpose and Legislative History of the FDCPA Support Finding Defendant Committed a Violation

The Supreme Court held that congressional intent should be implemented by giving effect to the plain meaning in ordinary English of the FDCPA.[7] As a general rule, courts should not resort to legislative history unless a statutory provision is unclear or ambiguous.[8] Unclear or ambiguous parts of the FDCPA should be construed to give effect to the congressional findings and purposes stated in 15 U.S.C. § 1692; only then (if necessary) should the legislative history be consulted.[9] When there are ambiguities in the meaning of the statute, it should be construed to give effect to the purposes stated in 15 U.S.C. § 1692(a)–(e).[10] The FDCPA is a remedial statute and should be liberally

---

7  *Heinz v. Jernkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).
8  *United States v. Oregon*, 366 U.S. 643, 648 (1961).
9  *Jerman v. Carlisle*, 130 S. Ct. 1605 (2010).
10 *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985).

construed.[11]

As the Third Circuit held in *Douglass*, "[t]he text of § 1692f(8) is unequivocal. . .The plain language of § 1692f(8) does not permit Convergent's envelope to display an account number." *Douglass* at 303. The statute prohibits "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram", and immediately follows this general prohibition with an exception "except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f(8). Since the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S. Ct. 2589, 2594, 120 L. Ed. 2d 379 (1992) ("[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished").[12]

If there is any ambiguity in the statute, it should be construed to give effect to the purposes stated in 15 U.S.C. § 1692(a)-(e). *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985). Congress identified "invasions of individual privacy" as a wrong it intended the FDCPA to cure. 15 U.S.C. § 1692(a). Although a potential result of an invasion of privacy may be embarrassment, § 1692f(8) is not limited to application only

---

11 *Harrison v. NBD, Inc.*, 968 F. Supp. 837, 844 (E.D.N.Y. 1997) (recognizing "the FDCPA is a remedial statute which should be liberally construed");

12 *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 130 S. Ct. 1605 (2010); *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (effect given to the language of the statute).

when embarrassment is certain to result from violation of the statute. Identity theft is a significant concern for consumers. The exception contained in § 1692f(8) for business names as long as they do not indicate the collector is in the debt collection business, illustrate Congress' privacy concerns in enacting this section.

The Second Circuit in *Schweitzer v. Trans Union Corp.*, 136 F.3d 233 (1998) relied on the FTC's opinion that § 1692f(8) prohibits only language or symbols that reveal that the contents of an envelope pertain to debt collection. There, the circuit court ruled that the district court 's reliance on the FTC opinion was misplaced since plaintiff's claim was based on a violation of § 1692e. The FTC itself in *amicus* had urged against the district court's erroneous muddling construction of 1692e and 1692f(8). *Id.* The clearest illustration of Congress' intent is the language of the statute. Since § 1692f(8) is unambiguously written, no further inquiry is necessary.

## II. PLAINTIFF IS NOT REQUIRED TO PLEAD OR PROVE ACTUAL DAMAGES IN ORDER TO RECOVER STATUTORY DAMAGES UNDER THE FDCPA

Plaintiff brings this action on behalf of a class of consumers for statutory damages absent a claim of actual damages. Courts have repeatedly held plaintiffs are eligible to seek statutory damages exclusive of any claim of actual damages. Therefore defendant's motion to dismiss for failure to state a claim should be denied.

FDCPA statutory damages may be awarded in addition to actual damages, but an award of actual damages is not a prerequisite to the recovery of FDCPA statutory damages. Defendant correctly cites to the Second Circuit's holding in *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2003) where the court stated "The FDCPA . . . permits the recovery of statutory damages up to $1,000 in the absence of actual

10

damages. Thus, courts have held that actual damages are not required for standing under the FDCPA." *Id.* In *Miller*, the Second Circuit joined other circuits[13] in allowing consumers to seek statutory damages absent a showing of actual damages. The Second Circuit indicated again in *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2008), that statutory damages may be sought exclusively, stating "by providing for statutory damages and attorneys fees for successful plaintiffs, the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Id.* at 96. Numerous district courts in this circuit have held the same.[14]

The FDCPA's civil liability provisions in individual cases were modeled on similar provisions in the Truth in Lending Act (TILA). 15 U.S.C. § 1601 *et seq.* Courts then and now refused to make actual damages a precondition for statutory awards in TILA cases.[15] "Where Congress borrows terms of art in which are accumulated . . . legal tradition and meaning . . . it presumably knows and adopts the cluster of ideas that were attached . . . and the meaning its use will convey to the judicial mind."[16] Thus Congress

---

13 *Phillips v. Asset Acceptance, L.L.C.*, 736 F.3d 1076 (7th Cir. 2013); *Gonzales v. Arrow Fin. Servs., L.L.C.*, 660 F.3d 1055, 1067 (9th Cir. 2011); *Beaudry v. TeleCheck Servs.*, Inc., 579 F.3d 702 (6th Cir. 2009).

14 *Evanauskas v. Strumpf*, 2001 U.S. Dist. LEXIS 14326 (D. Conn. June 27, 2001); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 2000 U.S. Dist. LEXIS 14043 (S.D.N.Y. Sept. 22, 2000); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724 (D. Conn. 1990); *Henderson v. Credit Bureau, Inc.*, 1989 U.S. Dist. LEXIS 19138 (W.D.N.Y. July 13, 1989).

15 *See Dzadaovsky v. Lyonds Ford Sales, Inc.*, 593 F.2d 538 (2d Cir. 1979). (Actual damages are a factor to consider when awarding TILA statutory damages in a class action only).

16 *Morissette v. United States*, 342 U.S. 246, 263, 72 S. Ct. 240, 96 L. Ed. 288 (1952). See also *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010); *United States v. Freed*, 401 U.S. 601, 607–608, 91 S. Ct. 1112, 28 L. Ed. 2d 356 (1971); *United States v. Merriam*, 263 U.S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240 (1923); *United States v. Fid. Trust Co.*, 222 U.S. 158, 160, 32 S. Ct. 59, 56 L. Ed. 137 (1911).

intended that the FDCPA provision would be interpreted the same way as the TILA provision. While the civil liability provisions of other titles of the Consumer Credit Protection Act mention actual damages as a factor to be considered in computing statutory damages,[17] neither TILA (for individual statutory damages) nor the FDCPA do so. Similarly, numerous courts have held that actual damages are not a prerequisite to the award of statutory damages under the Fair Credit Reporting Act.[18]

Defendant cites the Supreme Court's holding in *Doe v. Chao*, 540 U.S. 614 (2004) as support for its argument that a claim for statutory damages is unavailable absent a showing of actual damages, but the Court's holding in *Doe* is inapplicable to the instant case. Plaintiff's claim in *Doe* was based on an alleged violation of the Privacy Act, 5 U.S.C. § 552a(b), for disclosure of plaintiff's Social Security number in documents filed with the Department of Labor. *Id.* at 617. The applicable section of the Privacy Act determining available damages for plaintiff's private right of action in *Doe*, 5 U.S.C. § 552a(g)(4):

> "In any suit brought under the provisions of subsection (g)(1) (C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of —
>
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000"

_____

17 *See, e.g.*, 15 U.S.C. § 1691e(b).
18 *Northrop v. Hoffman*, 12 Fed. Appx. 2001 WL 682301 (2d Cir. June 14, 2001) (unpublished); *Casella v. Equifax Credit Info. Serv.*, 56 F.3d 469, 486 (2d Cir. 1995).

The language of the Privacy Act is quite different than the language of the FDCPA. 5 U.S.C. § 552a(g)(4)(A) explicitly provides that an individual injured under this section of the Privacy Act may receive actual damages, but then provides a benchmark minimum recovery of actual damages at $1,000. Under the Court's analysis, the statute creates a category of liability, and in the clause immediately following within the same sentence, fashions a lower limit for recovery. The Court stated "[the statute] has made specific provision, in other words, for what a victim within the limited class may recover." *Doe* at 620. The analogous language of the FDCPA found in 15 U.S.C. § 1692(k)(a):

> "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—
>
> > (1) any actual damage sustained by such person as a result of such failure;
> > (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or"

This section of the FDCPA creates two classes of individuals who may recover, those who suffer actual damages, and those who don't. If Congress intended to limit the class of individuals who may recover under the FDCPA to those who can show actual damages, it would have done so explicitly by creating only one class.

Defendant argues the statute is ambiguous in authorizing damages in excess of damages actually suffered, and therefore does not provide the necessary clarity to authorize a statutory damage award beyond actual damages. Defendant fails to offer any authority supporting its conclusory argument that this section of the FDCPA is ambiguous, merely citing *Greene v. Rash, Curtis and Associates*, 89 F.R.D. 314, 316 (E.D. Tenn. 1980). The relevant portion of *Greene*:

13

> "It is true that the Court has been authorized to award a plaintiff 'additional damages' not exceeding the sum of $1,000. 15 U.S.C. § 1692k(a)(2)(A). This provision could be construed as providing for some compensation in lieu of an award of actual damages for mental anguish. But, it could also be interpreted as permitting an award of a limited amount of punitive damages; for, the language seems to imply that actual damages must have been awarded before the Court is authorized to award these additional damages. Such an interpretation would seem to be in accord with the statement in the legislative history of the act that, in assessing damages, " * * * the court must take into account the nature of the violation, the degree of willfullness, and the debt collector's persistence. * * * " 2 U.S.Code Cong. & Admin.News, supra, at 1700."

*Id.* at 316. *Greene* does not hold that actual damages must be awarded before statutory damages may be awarded, but merely discusses whether a plaintiff may obtain damages for mental anguish under § 1692k. *Richard v. Oak Tree Group Inc.*, No. 06-362, 2009 U.S. Dist. LEXIS 90841 (W.D. Mich. Sept. 30, 2009).

Defendant argues case law arising out of the Real Estate Settlement Procedures Act ("RESPA") does not allow for statutory damages absent a showing of actual damages. Case law arising from RESPA cases is inapplicable to the FDCPA since the FDCPA is "a 'comprehensive and reticulated' statutory scheme, involving clear definitions, precise requirements, and particularized remedies." *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 233 (4th Cir. 2007) at 233. Case law arising under the common law or other statutory schemes does not apply to actions under the FDCPA. *Id.* at 233. The language at issue from RESPA:

"Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

In the case of any action by an individual, an amount equal to the sum of-

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000."

12 U.S.C. § 2605(f)(1). This is analogous to the FDCPA in that it creates two liability categories, one for actual damages, and the other for statutory damages, that are contained in two separate subsections.

In support of its contention that actual damages are a prerequisite for statutory damages under RESPA, defendant cites the holdings in *Bonadio v. PHH Mortg. Corp.*, 2014 WL 522784, at *5 (S.D.N.Y. Jan. 13, 2014) and *Refroe v. Nationstar Mortg., LLC*, 2015 WL 541495, at *7 (S.D. Ala. Feb. 10, 2015). Other courts, such as *Kapsis v. American Home Mortg. Servicing Inc. et al.*, 923 F. Supp. 2d 430 (E.D.N.Y., 2013), disagree, instead relying on the plain language of the statute:

"Specifically, to state a Section 2605 claim, a plaintiff "must sufficiently allege one of two types of damages: (1) `actual damages to the borrower as a result of the failure' to comply with § 2605; or (2) statutory damages `in the case of a pattern or practice of noncompliance with the requirements' of § 2605." *Gorbaty v. Wells Fargo Bank, N.A.,* 10CV3291 (NGG)(SMG), 2012 WL 1372260, at *5, 2012 U.S. Dist. LEXIS 55284, at *1415 (E.D.N.Y. Apr. 18, 2012) (quoting 12 U.S.C. § 2605(f))."

Id. at 444.[19] By following the plain language of the statute, *Kapsis* correctly interprets

---

[19] *See also Echevarria v. BAC Home Loans Servicing, LP,* 900 F. Supp.2d 1299 (M.D.Fla. 2012).

RESPA to allow for a statutory award independent of a showing of actual damages.

## CONCLUSION

For the foregoing reasons, the court should deny defendant's motion to dismiss for failure to state a claim.

Dated: Getzville, New York
      April 10, 2015

<u>s/Cyrus B. Chubineh</u>
Cyrus B. Chubineh, Esq.
Attorney for Plaintiff
2655 Millersport Hwy. #714
Getzville, NY 14068
(716) 864-0715

16